# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO:  8:08-cr-47-T-24EAJ

JAVIER HURTADO MEIJA
_____/

## O R D E R

**THIS CAUSE** comes before this Court on Defendant's Motion for Reconsideration (Dkt. 117) of the Court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on USSG Amendment 782, a retroactive guideline amendment (*see* USSG § 1B1.10(d) (2014)).  The Court previously found that Defendant was ineligible for a sentence reduction under Amendment 782 because the amendment did not have the effect of lowering Defendant's base offense level, which remained at level 38 after application of the amendment.  *See* Dkt. 116.

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice.  *Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted).  Reconsideration, or rehearing, is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Int'l Union of Painters v. Argyros,* No. 05–1661, 2007 WL 1577840, at *1 (M.D. Fla. May 31, 2007) (citations and quotations omitted).

Defendant has not shown that any of the three major grounds justifying reconsideration apply in this case. In fact, Defendant gives no reason for reconsideration. As such, relief is not warranted, and Defendant's motion must be denied.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Defendant's Motion Reconsideration (Dkt. 117) is Denied.

**DONE AND ORDERED** at Tampa, Florida, on the 18th day of February, 2016.

SUSAN C. BUCKLEW
United States District Judge

**COPIES FURNISHED TO**:
Pro-se Defendant